IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| FIRST INTERSTATE BANK,<br><br>Plaintiff,<br><br>v.<br><br>JJLC LAWN-CARE LLC; and<br>JUSTIN GRIFFIN,<br><br>Defendants. | ) | Case No. 26-2398-JWL |

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff's motion for a default judgment against defendants (Doc. # 11). For the reasons set forth below, the Court **grants** the motion, and judgment shall be entered in favor of plaintiff against defendants as set forth below.

Plaintiff filed the instant suit on July 9, 2026, against JJLC Lawn-Care LLC ("JJLC") and its sole member, Justin Griffin. Plaintiff alleges that JJLC (as borrower) and Mr. Griffin (as guarantor) breached a Loan Agreement and that JJLC breached a Credit Card Agreement, and it seeks payment of amounts due, foreclosure of certain collateral, and contractual attorney fees. Defendants were served with process but failed to file any answer to the complaint or otherwise to appear in this suit, and on August 26, 2026, the Clerk entered defendants' default pursuant to Fed. R. Civ. P. 55(a). On September 29, 2026, plaintiff moved for a default judgment against defendants pursuant to Fed. R. Civ.

P. 55(b)(2). At the Court's request, plaintiff then submitted additional information in support of the motion.[1]

Based on the failure of defendants to appear in this action, plaintiff's deemed-admitted allegations, and the evidence submitted by plaintiff in support of the motion, the Court concludes that it is appropriate to issue a default judgment in favor of plaintiff as requested. Because defendants failed to file an answer denying plaintiff's factual allegations in the complaint, those allegations are deemed admitted. *See Burlington N. R.R. Co. v. Huddleston*, 94 F.3d 1413, 1415 (10th Cir. 1996); *see also Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016) (after default, a defendant forfeits its right to contest pleaded facts). Thus, defendants have admitted that JJLC entered into the Loan Agreement and Credit Card Agreement with plaintiff; that the Loan Agreement included a personal guaranty by Mr. Griffin;[2] that plaintiff loaned amounts to JJLC under those agreements; that JJLC has defaulted by failing to make payments under those agreements as required; and that defendants now owe certain amounts to plaintiff under the agreements, including unpaid principal and interest, late fees, and attorney fees and costs incurred to enforce the

---

[1] Fed. R. Civ. P. 55(b)(2) requires service of such a motion only if the opposing party has appeared in the action. *See id.*; *see also* Fed. R. Civ. P. 5(a)(2) ("No service is required on a party who is in default for failing to appear.").

[2] In its supplement to the motion, filed at the request of the Court for more information, plaintiff states that Mr. Griffin guaranteed both agreements. In the verified complaint, however, plaintiff alleges that Mr. Griffin guaranteed the Loan Agreement, but it makes no such allegation concerning the Credit Card Agreement; and it asserts a claim against Mr. Griffin only for breach of the Loan Agreement. Similarly, in the present motion, plaintiff seeks judgment against Mr. Griffin only with respect to its claims under the Loan Agreement. Accordingly, the Court has not entered judgment against Mr. Griffin for any amounts due on the Credit Card Agreement.

agreements. Those facts establish defendants' liability for breach of contract as alleged. They further establish that plaintiff is entitled to foreclose on its security interest in certain collateral under the agreements.

Although Rule 55(b)(2) provides that a court may conduct a hearing if necessary to determine damages as part of a default judgment, "a hearing is unnecessary when the movant submits detailed affidavits and exhibits that furnish a sufficient uncontested record from which to determine . . . damages and costs with reasonable certainty." *See Hermeris, Inc. v. McBrien*, 2012 WL 1091581, at *2 (D. Kan. Mar. 30, 2012) (citations and internal quotations omitted); *see also Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1172 (10th Cir. 2011) (Rule 55 does not require a hearing or even evidence before a default judgment is entered; hearing is not required if the amount claimed is one capable of mathematical calculation). The Court concludes that no hearing is necessary in this case, as plaintiff has submitted sufficient evidence (by its verified petition and affidavits submitted in support of the motion) from which the Court may determine plaintiff's damages with reasonable certainty. That evidence establishes a total amount presently due under the Loan Agreement of $148,669.14 (consisting of $140,249.11 in principal, $7,047.46 in interest, and $472.57 in late fees); and a total amount presently due under the Credit Card Agreement of $15,861.19 (consisting of $13,679.21 in principal and $2,181.98 in interest). In addition, the evidence establishes that plaintiff incurred reasonable attorney fees and costs to enforce the agreements in the total amount of $8,851.50, reasonably apportioned between enforcement of the two agreements in the amounts of $7,789.32 for the Loan

Agreement and $1,062.18 for the Credit Card Agreement. The Court therefore awards judgment in favor of plaintiff in those amounts.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's motion for a default judgment (Doc. # 11) is hereby **granted**, and judgment shall be entered in favor of plaintiff as follows: against defendants JJLC Lawn-Care LLC and Justin Griffin, jointly and severally, in the total amount of $156,458.46; and against defendant JJLC Lawn-Care LLC in the additional amount of $16,923.37; and plaintiff may foreclose its security interest in the collateral as set forth in the complaint.

IT IS SO ORDERED.

Dated this 19th day of October, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge